This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**KIM HOOKER,**

    Plaintiff-Appellee,

v.                                                    **NO. 34,208**

**EVAN MILLER,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Ross B. Perkal
Albuquerque, NM

for Appellee

Evan Miller
Rowe, NM

Pro Se Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant appeals the district court's grant of summary judgment to Plaintiff and the resultant enforcement of a settlement agreement entered into by Plaintiff and Defendant, including an injunction precluding Defendant from initiating any further

self-represented legal actions against Plaintiff without prior approval from the district court. We issued a notice of proposed disposition proposing to affirm, and the following pleadings have been filed in response: (1) a memorandum in support of the proposed disposition, filed by Plaintiff; (2) a motion for extension of time, which was granted, and then a "Memorandum Declaring Proposed Disposition Unsustainable," filed by Defendant; (3) an edited memorandum in opposition, filed by Defendant; and (4) a motion to strike the edited memorandum in opposition, filed by Plaintiff. We have carefully considered the arguments raised in the pleadings filed by the parties, and we continue to believe that affirmance is the correct result in this case. Therefore, for the reasons stated below and in our notice of proposed disposition, we affirm. Due to this affirmance, the motion to strike filed by Plaintiff is moot and is denied on that basis.

{2}    In response to the notice of proposed disposition, Defendant has raised four main arguments, which we construe as follows: first, trust principles must be applied when construing the settlement agreement, because Plaintiff was the trustee and Defendant the beneficiary of the trust that was the subject of the settlement; second, trust principles were violated during the settlement because Plaintiff withheld important information from Defendant, despite the duties she owed to Defendant in her capacity as trustee; third, Plaintiff received much more than her share of the trust

assets, and the settlement agreement may not be enforced to assist Plaintiff in this breach of her duties as trustee; and fourth, the trust assets should have consisted of approximately $2.5 million, rather than the considerably lesser amount claimed by Plaintiff, because Plaintiff and the parties' mother should not have withdrawn so much of the trust principal while their mother was living.

{3} Defendant has cited no authority in support of his assertion that ordinary contract principles should not apply to the settlement agreement he entered into with Plaintiff, under the terms of which he was paid $615,000 out of the trust to settle all his claims concerning that trust. We may therefore assume he was unable to find such authority, and may reject his argument on that basis. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482. Nevertheless, as we did in the notice of proposed disposition, we will address his argument that the recitations in the settlement agreement, as well as the agreement itself, are not binding on him because Plaintiff concealed material information from him prior to the settlement agreement. As we pointed out in the notice, Defendant presented no evidence below in support of this assertion, and has referred to no such evidence on appeal. Instead, he has supplied only his mere contention that this is the case; but mere contentions, by a party or an attorney, are not evidence. *Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104. Plaintiff, on the other hand, presented evidence from a

certified public accountant (CPA) showing that not only did Defendant receive his full share of the trust assets, he actually received a much bigger share of the assets than he was entitled to [RP 171]. The same CPA also provided an opinion to the effect that the trust was appropriately managed to support the parties' mother as well as preserve the trust assets for Plaintiff and Defendant [Id.]. Therefore, Defendant's claim that he was deprived of material evidence concerning mismanagement or misappropriation of the trust assets is not supported by any evidence of record and was properly rejected by the district court. As this discussion addresses both the first and second arguments listed above, we decline to reverse the district court on the basis of either argument.

{4}     Defendant's third argument is also answered by the evidence provided by the CPA, as well as the lack of evidence submitted by Defendant. His contention that Plaintiff breached her duties as a trustee, because she received a much larger share of the trust assets than he did, is belied by the CPA's evidence that Defendant, rather than Plaintiff, was in reality the beneficiary who received more than his share of the trust assets. In response to the CPA's evidence Defendant presented no evidence of his own to contradict the CPA's statements. Therefore, there is no basis upon which to reverse the district court, even if we were to look behind the settlement agreement and examine the merits of Defendant's claim against Plaintiff.

{5} Defendant's final argument seems to be the crux of his claims against Plaintiff. He maintains that Plaintiff and the parties' mother in essence raided the principal of the trust during their mother's lifetime, by withdrawing excessive amounts of principal to support their mother. There has also been a suggestion that at least a portion of these withdrawals were not used to support the parties' mother, but were converted by Plaintiff to her own use. If this had not occurred, Defendant claims the assets in the trust at the time their mother died would have amounted to $2.5 million, and his fair share of the trust assets would have been far higher than the $615,000 that he received. Once again, however, Defendant's argument founders upon the lack of any evidence to support it. As we discussed in the notice of proposed disposition, the express terms of the trust did not limit the parties' mother to withdrawal of only the earnings of the trust assets; instead, Plaintiff, as the trustee, was allowed to withdraw any amounts of the principal that, in her reasonable judgment, were required to provide a lifestyle for the parties' mother equivalent to the lifestyle she was living at the time the parties' father died. [RP 169] The CPA who examined the trust accounts opined, in essence, that the amounts of the withdrawals of principal were appropriate for the support of the parties' mother. [RP 171] In response to this evidence Defendant presented only his unsupported accusations that the assets of the trust were

5

inappropriately depleted by Plaintiff. Thus, the district court correctly granted summary judgment.

{6}     Based on the foregoing discussion and on the more extensive analysis set out in the notice of proposed disposition, we affirm.

{7}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**

6